BOYCE F. MARTIN, Jr., Chief Judge.
Before the Court is an appeal and petition for writ of mandamus by Dow Corning; its shareholders, The Dow Chemical Company and Corning Incorporated; and other manufacturers of silicone products that have been named as co-defendants with Dow Corning in product liability suits relating to silicone implants.[1] These parties contest the district court’s denial of their motion to transfer to the Eastern District of Michigan breast-implant claims brought in various jurisdictions by claimants who have chosen not to join the global settlement pool. The district court, upon remand from this Court, exercised discretionary and mandatory abstention in declining to transfer the claims against the shareholders and the co-defendants. For the reasons stated herein, we issue a writ of mandamus ordering the district court to transfer the claims against the shareholders to the Eastern District of Michigan and to evaluate each claim individually to determine whether mandatory abstention applies.
This case concerns yet another chapter in “one of the world’s largest mass tort litigations.” In re Dow Corning Corp., 86 F.3d 482, 486 (6th Cir.1996), cert. denied, — U.S. -, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997). Thousands of product liability claims arising from Dow Coming’s manufacture and sale of silicone products have been filed against Dow Coming and its shareholders. The threatened consequences of these claims prompted Dow Corning to file a petition for reorganization under Chapter 11 of the Bankruptcy Code. Dow Coming, joined by its shareholders, subsequently filed a motion to transfer the claims pending against them to the Eastern District of Michigan. The company envisioned its motion “as the first step in ensuring a feasible plan of reorganization, and indicated that it would seek to have the transferred actions consolidated for a threshold jury trial on the issue of whether silicone gel breast implants cause the diseases claimed.” Id. at 486. Citing potential claims for contribution against Dow Corning, the nondebtor manufacturers — Baxter, 3M, Bristol-Myers, and MEC — also moved to transfer the claims in which they were named as co-defendants with Dow Coming. The district court granted Dow Coming’s motion to transfer,' but denied, on jurisdictional grounds, the motion as it related to the shareholders and the motions of the nondebt- or manufacturers.
In In re Dow Coming Corp., 86 F.3d at 482, this Court reversed and held that the Eastern District of Michigan had “related to” jurisdiction over breast-implant claims against not only the debtor, Dow Corning, but also its shareholders and certain other nondebtor defendants. We further held that 28 U.S.C. § 157(b)(5) granted the district court authority to transfer the cases against the nondebtors to the Eastern District of Michigan. In so doing, we recognized the interest of all parties, including the tort claimants, in preventing unnecessary depletion of Dow Coming’s assets. We further acknowledged that the risk to the debtor’s estate would be substantially enhanced “if the claims against Dow Chemical and Corning Incorporated are allowed to proceed separately” from those against Dow Corning. Id. at 495. After outlining the risks to Dow Coming’s estate, we remanded to the district court with instructions “to determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases.” Id. at 497 (quoting In re Salem Mortgage Co., 783 F.2d 626, 635 (6th Cir.1986)). Despite our clear articulation of the risks to Dow Coming’s estate and our call for individualized abstention determinations, the district court, without benefit of *569 a hearing and 'without analysis of any individual claim, globally abstained from the eases against the shareholders.
The Official Committee of Tort Claimants initially contend that we are without jurisdiction to review the district court’s decision. Indeed, Congress has significantly curtailed the courts of appeals’ ability to review a district court’s decision to exercise mandatory or discretionary abstention under 28 U.S.C. 1334(c)(1), (2). Section 1334(d) provides:
Any decision to abstain or not to abstain made under this subsection (other than a decision not to [exercise mandatory abstention] ) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title____
28 U.S.C. § 1334(d). However, we conclude for two reasons that we have jurisdiction in mandamus to review the district court’s decision.
First, this is not the ordinary situation in which the district court, either on motion of a party or on its own motion, determines that abstention under 28 U.S.C. § 1334(c) is appropriate. Rather, the district court was instructed by this Court, in an order remanding this matter for the explicit purpose of determining whether abstention was proper, to undertake a ease-by-case review of these tort claims and to determine, as to each ease, whether to abstain. The district court did not comply with our order of remand. The issuance of a writ of mandamus is therefore necessary and appropriate to require the district court to conduct the abstention analysis in strict compliance with the requirements of § 1334 and our order of remand.
Second, § 1334(d) does not mention this Court’s ability to review such determinations pursuant to our mandamus authority under 28 U.S.C. § 1651. Thus, recognizing the familiar maxim “expressio unius est ex-elusio alterius” — i.e., the expression of one is the exclusion of others — we conclude that our power to review a district court’s abstention determination under 1334(c)(1) or (2), other than a decision not to abstain under 1334(c)(2), is limited to those rare cases when mandamus review is justified; that is, when the case “ ‘presents questions of unusual importance necessary to the economical and efficient administration of justice.’ ” EEOC v. K-Mart Corp., 694 F.2d 1055 (6th Cir. 1982). Because of the significant risk posed to Dow Coming’s estate by the multi-forum breast-implant litigation, this case is one of those rare instances where mandamus relief is appropriate.
In In re Bendectin Prods. Liab. Litig., 749 F.2d 300, 304 (6th Cir.1984), we identified criteria for judging whether issuance of a writ of mandamus is appropriate. These guidelines include: (1) the party seeking mandamus will be damaged or prejudiced and has no other means of obtaining relief; (2) the district court’s error is clearly erroneous as a matter of law; (3) the district court’s order is an oft-repeated error; and (4) the district court’s order raises important issues of first impression. Id.; see also In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173, 983 F.2d 725, 727 (6th Cir.1993). Although all of the factors may not point toward issuance of a writ, mandamus relief is still appropriate “if the other factors clearly warrant it.” In re Glass Workers, 983 F.2d at 727. In this case, the balance of these factors indicate that issuance of a writ of mandamus is appropriate.
The first and fourth factors are clearly met. Dow Corning and its shareholders will be harmed if the writ is not issued, and § 1334(d)’s direct appeal prohibition renders a writ of mandamus their only avenue of relief. This case also presents extremely important issues that have not been addressed by this Court.
Moreover, the district court’s clear error is equally apparent. The order of remand required the district court to make a ease-by-ease determination of whether, in light of the findings contained in the order of remand, abstention was statutorily mandated or appropriate as a matter of discretion, and Dow Corning and its shareholders were entitled to have that order followed. Instead, complete *570 ly disregarding those findings, the district court made a blanket determination that mandatory abstention under § 1334(c)(2) was appropriate, and in the alternative, held that it would exercise discretionary abstention to avoid transfer of the shareholders’ claims to the Eastern District of Michigan. Both determinations were fraught with clear error.
The mandatory abstention provision in § 1334(c)(2) provides:
Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a ease under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
Thus, for mandatory abstention to apply to a particular proceeding, there must be a timely motion by a party to that proceeding, and the proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding. In re Dow Corning, 86 F.3d at 497.
The district court’s decision applying mandatory abstention to the proceedings against the shareholders is, in generous terms, inadequate. The requirements for mandatory abstention dictate that each ease must be examined individually. The district court, in its three-page discussion of mandatory abstention, failed to make the necessary case-by-case inquiry. No hearing was conducted, and no evidence was accepted by the district court. It is undisputed that some of the cases do not meet the requirements of mandatory abstention. Indeed, in many of the cases, there does not even appear to have been a motion for abstention filed by the plaintiff in the proceeding. Moreover, the number of eases requiring mandatory abstention is impossible for us to determine because of the paucity of evidence on the record. Thus, the district court’s decision employing § 1334(c) to abstain globally without examination of a single individual claim cannot stand.
The district court’s exercise of discretionary abstention is equally troubling. Section 1334(c)(1) provides, in relevant part:
Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
28 U.S.C. § 1334(c)(1).
As an initial matter, it makes little practical sense to transfer the claims against Dow Corning while refusing to transfer those against the shareholders. The claims against the shareholders arise from an identical set of facts and are merely duplicates of those against Dow Coming. The shareholders have never manufactured a silicone-implant product and are only named in the suits because of their association with Dow Corning. Thus, the actions against Dow Coming’s shareholders are essentially the same exact cases that have already been transferred to the Eastern District of Michigan. The district court’s decision to transfer only the claims against Dow Corning basically expanded an already overwhelming litigation burden.
Aside from the impracticality of the district court’s decision to exercise discretionary abstention, its legal rationale is wholly inadequate. The district court did not examine a single tort claim to determine whether discretionary abstention was appropriate in the interests of justice and comity. The district court briefly mentioned principles of federalism and comity, as well as the state law nature of the claims, as bases for discretionary abstention. Although the cases are premised on state law, the district court did not indicate why the state law nature of the claims justified discretionary abstention; indeed, it appears that it does not. The dis *571 trict court ignored the fact that at least some of the claims have an independent basis for jurisdiction in federal court. Moreover, there is no suggestion that the state law issues in these cases are unique, unsettled, or difficult. See General Am. Communications Corp. v. Landsell (In re General Am. Communications Corp.), 130 B.R. 136, 146 (S.D.N.Y.1991) (“Given the genesis of section 1334(c)(1), it is not surprising that the primary determinant for the exercise of discretionary abstention is whether there exists unsettled questions of state law.”); see also In re Pan Am. Corp., 950 F.2d 839, 845 (2d Cir.1991). Thus, the principles of federalism and comity would not be violated by the district court’s assumption of jurisdiction over these cases. The breast-implant litigation truly is a nationwide issue, and no state has a paramount interest in the litigation.
The district court also overlooked the risks to Dow Coming’s estate that were clearly articulated in our prior decision. Failing to transfer the claims against the shareholders will likely affect the size of the estate and the length of time the bankruptcy proceedings will be pending, as well as Dow Coming’s ability to resolve its liabilities and proceed with reorganization. As we noted in In re Dow Corning Corp., 86 F.3d 482, 493 (6th Cir.1996), cert. denied, — U.S. -, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997), “Dow Chemical and Corning Incorporated have already asserted cross-claims against each other and Dow Corning in the underlying litigation.” Moreover, the shareholders share joint insurance coverage with Dow Corning. We acknowledged in our prior decision that “certain of the policies cover defense expenses, and those costs alone may significantly reduce the pool of coverage available to Dow Coming if the claims pending against Dow Chemical and Corning Inc. are allowed to proceed separately.” Id. at 495. Therefore, contrary to the district court’s determination, the substantial risks identified in our prior decision indicate that the cases against the shareholders should be transferred in the interest of justice.
The district court, without a hearing or the presentation of additional evidence, ignored this Court’s examination of the evidence and made a conclusory finding to the contrary. We nevertheless find that our prior examination of the record was correct and that the district court’s determinations are without support. Thus, because the district court clearly erred in making its abstention determinations, issuance of a writ of mandamus is appropriate in this case.[2]
We further find that discretionary abstention from the cases against the shareholders is wholly inappropriate in this case. In our prior decision, we acknowledged the significant impact that our resolution of these issues will have on the future course of this litigation. We also recognized that perfect satisfaction of all interests was impossible. Armed with that realization, we set out to meet the goal of establishing “a mechanism for resolving the claims at issue in the most fair and equitable manner possible.” Id. at 487. This goal was to be attained by balancing the following often-competing interests:
those of the individuals who have brought and will bring breast implant claims; Dow Coming’s interests with regard to its attempt to formulate a successful reorganization plan; Dow Chemical and Corning Incorporated’s interests as shareholders of Dow Corning; and the judicial system’s interest in allocating its limited resources effectively and efficiently.

Id.

The latter three interests clearly will be served by transferring the claims against the shareholders to the Eastern District of Michigan. The claimant’s interests — presumably preserving the assets of Dow Coming’s estate and receiving quick adjudication of their claims — will also be accomplished through such a transfer. Thus, with regard to the cases brought by claimants choosing not to join the global settlement pool, we have *572 reached a crossroads. Dow Coming’s assets are finite and risk being unnecessarily diminished by the expense of litigating thousands of breast-implant claims in innumerable jurisdictions. We therefore believe that transferring these claims to a single jurisdiction is the only way to achieve an efficient resolution to this litigation, the development of a successful reorganization plan, and the adequate compensation of deserving claimants.
Accordingly, we issue a writ of mandamus ordering the district court to transfer the claims against Dow Chemical and Corning Incorporated to the Eastern District of Michigan. Once transfer has been accomplished, the cases should be indexed and cross referenced so that, in any proceeding in which a motion for abstention is filed, the district court may make the required abstention determinations and adequately state its reasoning as to each such proceeding. Because we find it unnecessary to transfer any other pending proceedings to the district court at this time, we deny the nondebtor manufacturers’ petition for writ of mandamus.

. These co-defendants include Baxter International Inc. (Baxter); Minnesota Mining and Manufacturing (3M); Bristol-Myers Squibb Co. (Bristol-Myers); and Medical Engineering Coip. (MEC).

. The district court also relied on 11 U.S.C. § 524(e) to justify its decision to exercise discretionary abstention. This reliance is puzzling. Section 524(e) provides that the liability of a nondebtor is not affected by the discharge of that liability with respect to the debtor. No nondebt- or is seeking a discharge of their debt in the Eastern District of Michigan, and no nondebtor has argued that a discharge of the debtor's debts should have any affect on their obligations or liabilities to the claimants in these cases. Thus, § 524 is completely irrelevant to this case.